IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OLESS MAUIGOA, an individual,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; RYAN GEORGE EDDY, an individual; and JOHN DOES 1–XX,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Case No. 2:25-cv-00458-JNP-DAO<br><br>Chief District Judge Jill N. Parrish |

On July 14, 2025, Defendants United Airlines, Inc. and Ryan George Eddy moved to dismiss Plaintiff Oless Mauigoa's complaint. ECF No. 13. Plaintiff opposes the motion. ECF No. 41. For the following reasons, the court grants the motion to dismiss for lack of personal jurisdiction.

**BACKGROUND[1]**

In the Fall of 2023, Mauigoa, a Utah resident, applied to a flight attendant position at United Airlines, a Delaware corporation with its principal place of business in Chicago, Illinois. ECF No. 2-2 ¶¶ 1–2, 8. As part of this application, he attached his resume, which disclosed his former employment as a Delta Airlines flight attendant. *Id.* ¶ 9. After receiving an interview invite and a link to another online application (through a service called "Accurate"), Mauigoa again listed Delta

---

[1] The court recites the facts as alleged in the complaint. ECF No. 2-2.

as a former employer. *Id.* ¶ 10. Mauigoa was eventually hired and began to work as a flight attendant for United. *Id.* ¶¶ 12–13.

At some point, United reached out to Mauigoa, asking him to participate in an "Investigator Meeting." *Id.* ¶ 14. United had apparently received an email claiming that Mauigoa was a safety risk given an alleged history of violence and arrests. *Id.* ¶ 15. A United compliance employee, however, indicated that the background check process did not turn up any arrests or convictions. *Id.* ¶ 17. Another United Employee, Jason Hawks, claimed that Mauigoa did not properly disclose his work history with Delta. *Id.* ¶ 18.

In response, Mauigoa asserted that these allegations could have been made in retaliation for an EEOC case against Delta, "involving his defending himself against an assault." *Id.* ¶ 20. He also asserted that he had disclosed his work history, twice. *Id.* ¶ 23.

United initiated two additional Investigator Meetings. *Id.* ¶¶ 28–29. Prior to the third meeting, Mauigoa received from United an email chain in which another United employee, Ryan Eddy, stated that he had information that Mauigoa was a registered sex offender for exposing himself to a child. *Id.* ¶ 31. Eddy resides in Illinois. *Id.* ¶ 3. Shortly after the third meeting, United terminated Mauigoa's employment. *Id.* ¶ 40.

Mauigoa has since filed a complaint against United, Eddy, and John Does, alleging defamation, tortious interference with economic relations, and intentional infliction of emotional distress. *Id.* ¶¶ 42–69. Defendants then filed a motion to dismiss, arguing that the court lacks

personal jurisdiction over Defendants, that the Railway Labor Act preempts Mauigoa's state law claims, and that Mauigoa failed to state a claim for relief.[2] ECF No. 13.

## LEGAL STANDARD

The Fourteenth Amendment's Due Process Clause limits a court's ability to exercise jurisdiction over a defendant. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Whether a court may exercise personal jurisdiction over a defendant depends on the defendant's relationship with the forum state. *See Bristol-Meyers Squibb Co. v. Superior Ct. of Calif.*, 582 U.S. 255, 261–262 (2017). "The Plaintiff bears the burden of establishing personal jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation omitted).

In considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "[a] district court has discretion to resolve such a motion in a variety of ways—including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). If the court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *OMI Holdings*, 149 F.3d at 1091. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.*

The court must accept the factual allegations of the complaint as true but only "to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits,

---

[2] Because the court resolves the motion based on the personal jurisdiction argument, it need not address Defendants' other arguments.

all factual disputes are resolved in the plaintiff's favor[.]" *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (quoting *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)); *see Great Bowery v. Best Little Sites*, 609 F. Supp. 3d 1240, 1246 (D. Utah 2022) ("The court must resolve all factual disputes in favor of the plaintiff regarding that prima facie showing and must treat well-pled . . . factual allegations in the complaint as true, unless they are disputed by a declaration.").

## ANALYSIS

Utah's long-arm statute extends "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment . . . ." Utah Code Ann. § 78B-3-201(3). The court's personal jurisdiction analysis is thus a single inquiry under the due process clause. *See Miller v. Cleara, LLC*, 743 F. Supp. 3d 1357, 1364 (D. Utah 2024). "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014). (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"Personal jurisdiction can be acquired through either general jurisdiction or specific jurisdiction." *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020). For individuals, "an individual is subject to general jurisdiction in her place of domicile." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021). For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). Otherwise, for there to be general personal jurisdiction, the defendant corporation's contacts with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate.'" *Daimler*,

4

571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The "constitutional touchstone" for specific jurisdiction is "whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 316). Minimum contacts, in turn, means that "(1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum [s]tate, and (2) the plaintiff's injuries 'arise out of or relate to those activities.'" *Fluent LLC*, 955 F.3d at 840 (quoting *Burger King*, 471 U.S. at 472). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). In other words, the court considers "whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1979)).

In making their motion to dismiss for lack of personal jurisdiction, Defendants note that United is a Delaware corporation with a principal place of business in Chicago, Illinois, ECF No. 2-2 ¶ 1, and that Eddy is an Illinois resident who works in Chicago, has not visited Utah, and does not conduct business in Utah, ECF No. 13-1 ¶ 2. Accordingly, there is no general jurisdiction over either Defendant in Utah. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) ("A corporation that operates in many places can scarcely be deemed at home in all of them.").

The court also finds that there is no specific jurisdiction over Defendants. The complaint does not assert that the alleged defamatory statements or tortious actions were directed towards Utah in a relevant manner to any degree. *See Shrader v. Biddinger*, 633 F.3d 1235 (10th Cir. 2011) (noting that, in the internet context, "[c]onsistent with the thrust of the *Calder*-derived analysis for

specific jurisdiction, . . . courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state"). Defendants' affidavits in fact show that Mauigoa was based in Colorado for United, that the two people Eddy emailed were not in Utah, and that a union representative that United forwarded information to was also not based in Utah. *See* ECF No. 13-1, 13-2. The fact that Mauigoa himself received the alleged tortious statements while in Utah is not sufficient to render specific jurisdiction proper. *Reed v. Ascension Health*, No. 24-CV-00419-SH, 2025 WL 1361747, at *4 (N.D. Okla. May 9, 2025) ("Plaintiffs . . . cannot[] assert that statements made *only to them* can constitute defamation . . . or tortious interference with their business relations with third parties sufficient to render jurisdiction over [Defendant] proper in Oklahoma" (italics substituted for underlined text)).

Mauigoa responds to Defendants' personal jurisdiction argument only by contending that he should be allowed to conduct jurisdictional discovery. ECF No. 41 at 4. He relies on *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), to support the proposition that it would be an abuse of discretion for the court to grant the motion to dismiss without allowing additional discovery.

Mauigoa's reliance on *Sizova* is misplaced, however. First, *Sizova* was dealing with a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Id.* The court here is considering personal jurisdiction under Rule 12(b)(2). Second, and more importantly, the Tenth Circuit has "held that 'a refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant' and that '[p]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Breakthrough Mgmt. Grp., Inc. v.*

*Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010) (quoting *Sizova*, 282 F.3d at 1326) (citation modified). Here, there is no prejudice as no pertinent fact bearing on personal jurisdiction is controverted. Not only did Mauigoa not respond to any of the personal jurisdiction arguments that Defendants raised, but Mauigoa has also not presented any substantive response to Defendants' jurisdictional allegations that are supported by affidavits. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *Clements v. Tomball Ford, Inc.*, 812 F. Supp. 202, 205 (D. Utah 1993) ("Where a defendant has specifically rebutted a complaint's jurisdictional allegations by affidavit, plaintiff cannot rely on those allegations, but must submit his own affidavits, depositions etc."). The court thus finds jurisdictional discovery unwarranted.

## CONCLUSION AND ORDER

For the above reasons, the court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction. ECF No. 13.

Signed March 24, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge

7